Sam E. BROADHEAD, Petitioner,

v.

COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.

No. 16288.

United States Court of Appeals
Fifth Circuit.

April 8, 1958.

de Quincy V. Sutton, Meridian, Miss.,
for petitioner.

Charles K. Rice, Asst. Atty. Gen., Lee
A. Jackson, Sheldon I. Fink, Robert N.
Anderson, Kenneth E. Levin, Carrington
Williams, Atty., Dept. of Justice, John
Potts Barnes, Chief Counsel and Rollin
H. Transue, Special Atty., Int. Rev. Serv-
ice Washington, D. C., for respondent.

Before JONES, BROWN and
WISDOM, Circuit Judges.

JONES, Circuit Judge.

The petitioner, Sam E. Broadhead,
herein called the taxpayer, had been in
the business of running a sawmill. In
the latter part of 1945 he began the op-
eration of a lumber yard. This change
in the nature of his business required
the use of lumber inventories in the com-
putation of his 1946 Federal income tax.
This he had not before done. Most of the
lumber on hand at the beginning of 1946
had been acquired in 1945. The taxpay-
er claimed lumber should be given a
value of $42 per thousand board feet for
the opening inventory. The Commission-
er of Internal Revenue found a proper
valuation to be $36.21 per thousand board
feet and, using this figure, determined
and assessed a tax deficiency for the
year.

In the years 1940 through 1945, the
taxpayer had treated the cost of his

trucks as expense items which had the effect of depreciating out the cost on a one-year basis. In his tax return for 1946 the truck equipment acquired during that year was accorded a two-year life for depreciation purposes. In his return for 1947, the taxpayer set up depreciation on new trucks on a four-year basis and on second-hand trucks on a two-year basis. After the Commissioner proposed a deficiency as a result of the change in opening inventory valuation, the taxpayer claimed the right to use the same method of truck depreciation as before. This he claimed was proper since the method had been approved by the Commissioner for the prior years and there had been no change in truck use such as required a change in the depreciation method.

The Tax Court decided both issues for the Commissioner and its decision is before us for review.

 We agree generally with the taxpayer in saying that the Commissioner may not act arbitrarily in enforcing the revenue laws and that his determinations should have a rational basis. We do not agree that the Commissioner acted arbitrarily or made a determination without a rational basis in adjusting downward the taxpayer's opening inventory for the year in question. The Commissioner's opening inventory valuation was based upon data assembled by the Southern Pine Association. The burden of showing the arbitrary character of the Commissioner's determination rests upon the taxpayer. Lucas v. Kansas City Structural Steel Co., 281 U.S. 264, 50 S.Ct. 263, 74 L.Ed. 848. In October, 1945, the taxpayer submitted to a bank a statement valuing 600,000 feet of lumber in his yards at a price of $30 per thousand feet. There was evidence of lumber purchases early in 1946 of 220,000 feet at $28 and 315,000 feet at $31 per thousand feet. The taxpayer countered this evidence by testifying as to purchases in the latter part of 1945 of lumber at $40 to $45 per thousand. The taxpayer contended that he had expended an estimated amount of $9 per thousand feet

for stacking the lumber in his inventory and that this amount should be added to the figure used by the Commissioner. The Tax Court, considering the deduction by the taxpayer of large amounts for the expense of stacking, found that the taxpayer had not shown that the stacking cost was part of timber cost rather than deductible expense. So too it found that there was no adequate evidence as to the amounts of these charges. The Tax Court found that the taxpayer had not overcome the presumption of correctness adhering to the Commissioner's determination. We think the Tax Court's position is sound. Estimates and conjectures do not overcome the presumption. 2 Mertens Law of Federal Income Taxation, Ch. 16, p. 15, § 16.09. It is not shown that the Tax Court's decision is erroneous.

 So also do we agree with the Tax Court on the depreciation issue. The allowance by the Commissioner of the cost of equipment as an expense item for one or more tax years does not prevent the Commissioner from requiring that similar costs be depreciated over more than one year for other tax years. Hotel Kingkade v. Commissioner, 10 Cir., 1950, 180 F.2d 310; Gasper v. Commissioner, 6 Cir., 1955, 225 F.2d 284. The fact that the taxpayer, in 1947, claimed depreciation on the same trucks as in 1946, would indicate that they had a useful life beyond the year in which they were purchased. The taxpayer had the burden of showing his right to the increased depreciation. Goldberg v. Commissioner, 5 Cir., 1956, 239 F.2d 316. This, the Tax Court held, he failed to do.

The taxpayer was unable to convince the Tax Court that he had carried the burden of overcoming the presumption that the Commissioner's determinations are correct. He has not convinced us that the Tax Court's decision is erroneous. Cf. Archer v. Commissioner, 5 Cir., 1955, 227 F.2d 270.

 The taxpayer has filed a motion under Rule 23(1) of the Rules of this Court, 28 U.S.C.A. for the imposition on the Commissioner of the cost of printing

portions of the record pursuant to the Commissioner's request on the ground that such portions of the record are unnecessary. The motion is not well founded and is Denied. The judgment of the Tax Court is

Affirmed.